755 N.W.2d 912 (2008)
2008 ND 177
In the Matter of the Application for DISCIPLINARY ACTION AGAINST Rudolph A. TOLLEFSON, A Member of the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner
v.
Rudolph A. Tollefson, Respondent.
No. 20080205.
Supreme Court of North Dakota.
September 23, 2008.

*913 SUSPENSION ORDERED.
PER CURIAM.
[¶ 1] Rudolph A. Tollefson ("Tollefson") was admitted to practice as an attorney in North Dakota on September 27, 2004, and his name has appeared on the roll of attorneys since that date.
[¶ 2] Tollefson admitted service of a Summons, Petition for Discipline, and Notice of Appointment of Hearing Panel on April 26, 2008. Tollefson filed a response to the Petition for Discipline. Disciplinary Counsel and Tollefson entered into a Stipulation and Consent to Discipline, and the Hearing Panel of the Disciplinary Board filed a Stipulation, Consent to Discipline and Recommendation of Hearing Panel on August 20, 2008.
[¶ 3] In the Stipulated Facts, Tollefson admitted he was assigned by the Commission on Legal Counsel for Indigent Defense ("Commission") to represent Daniel Mulske in an appeal to the Supreme Court. Tollefson also admitted he was advised that the Appellant's Brief was due by November 13, 2007, but he failed to file the brief or get an extension of time to file the brief. Further, Tollefson admitted he was given notice by letter from the Clerk of the Supreme Court that he had until December 6, 2007, to show good cause why the action should not be dismissed, or the matter would be referred to the Supreme Court for authority to issue an order dismissing the appeal.
[¶ 4] Tollefson admitted he informed the Commission, in a telephone conversation on November 26, 2007, the Appellant's Brief would be mailed that day. Tollefson further admitted he did not file the Appellant's Brief and intentionally and falsely informed the Commission he had mailed the Appellant's Brief to the Supreme Court. Tollefson admitted the Commission was required to request an extension of time to allow another attorney to be substituted upon learning the Appellant's Brief had not been filed. The motion was granted, and the appeal was eventually heard on the merits. See, Mulske v. State, 2008 ND 46, 747 N.W.2d 136.
[¶ 5] Tollefson admitted his conduct violated N.D.R. Prof. Conduct 1.1, Competence, which provides that a lawyer shall provide competent representation to a client; N.D.R. Prof. Conduct 1.3, Diligence, which provides that a lawyer shall act with reasonable diligence and promptness in representing a client; N.D.R. Prof. Conduct 1.4, Communication, which provides that a lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished, *914 explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, and promptly comply with the client's reasonable requests for information; and N.D.R. Prof. Conduct 1.16(b), Declining or Terminating Representation, which provides that a lawyer may withdraw from representation if withdrawal can be accomplished without material adverse effect on the interests of the client.
[¶ 6] The Hearing Panel considered mitigating factors under N.D. Stds. Imposing Lawyer Sanctions 9.32(a), absence of a disciplinary record; 9.32(e), full and free disclosure to disciplinary board or cooperative attitude toward proceedings; and 9.32(f), inexperience in the practice of law. The Hearing Panel concluded suspension is an appropriate sanction under N.D. Stds. Imposing Lawyer Sanctions 4.42(a), because Tollefson knowingly failed to perform services for a client and caused injury or potential injury to a client.
[¶ 7] Tollefson consented to suspension from the practice of law for six months, effective 30 days after entry of an Order of Suspension, and payment of the costs and expenses of the disciplinary proceeding in the amount of $250. Tollefson acknowledged that his consent to discipline is given freely and without coercion or duress, he is fully aware of the implications of the consent, and knows the charges cannot be successfully defended. The Hearing Panel accepted the Stipulation and Consent to Discipline.
[¶ 8] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). No objections were filed. The Court considered the matter, and
[¶ 9] ORDERED, the Stipulation, Consent to Discipline, and Recommendation of Hearing Panel filed on August 20, 2008, is accepted.
[¶ 10] FURTHER ORDERED, Rudolph A. Tollefson is suspended from the practice of law for six months, effective 30 days from entry of this Order of Suspension.
[¶ 11] FURTHER ORDERED, Rudolph A. Tollefson pay the costs of this disciplinary proceeding in the amount of $250, payable to the Secretary of the Disciplinary Board.
[¶ 12] FURTHER ORDERED, Rudolph A. Tollefson comply with N.D.R. Lawyer Discipl. 6.3 regarding notice of status.
[¶ 13] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.
[¶ 14] Justice MARY MUEHLEN MARING, deeming herself disqualified, did not participate in this decision.