2012 ND 92

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Rudolph A. TOLLEFSON, A Person Admitted to the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,

v.

Rudolph A. Tollefson, Respondent.

Nos. 20120130, 20120131, 20120132.

Supreme Court of North Dakota.

May 14, 2012.

See also, 755 N.W.2d 912.

SUSPENSION ORDERED.

PER CURIAM.

[¶ 1] The Supreme Court has before it a Stipulation, Consent to Discipline and Recommendations by the Hearing Panel recommending Rudolph A. Tollefson be suspended from the practice of law for six months and one day for violating N.D.R. Prof. Conduct 1.3, 1.4, 1.16(e), 5.5(a), 8.4(c) and N.D.R. Lawyer Discipl. 1.2A(3), 6.3. We conclude there is clear and convincing evidence Tollefson violated N.D.R. Prof. Conduct 1.3, 1.4, 1.16(e), 5.5(a), 8.4(c) and N.D.R. Lawyer Discipl. 1.2A(3), 6.3. We suspend Tollefson from the practice of law for six months and one day, and order Tollefson to comply with all terms and conditions specified for his participation in the Lawyer Assistance Program; to provide an accounting of fees and expenses to Danielle Hassel and Tee Todd Young and refund any amounts collected for fees that have not been earned or expenses that have not been incurred; and to and pay the costs and expenses of these disciplinary proceedings in the amount of $250.

[¶ 2] Rudolph A. Tollefson was admitted to practice law in the state of North Dakota on September 27, 2004. Tollefson did not renew his license for 2012, and has not been licensed to practice law in the state of North Dakota since January 1, 2012. Three formal disciplinary proceedings, File No. 5159 –NE–1103, File No. 5188–NE–1106, and File No. 5216–NE–1108 were commenced.

### File No. 5159–NE–1103

[¶ 3] On August 8, 2011, Tollefson admitted service of a Summons and Petition for Discipline. In 2006, Tollefson was associated with the Solem Law office in Beulah. Danielle Hassel retained Tollefson, while at Solem Law office in Beulah, to file a bankruptcy petition for her and her husband for a fee of $1500, of which she paid $500. Tollefson left Solem Law Office in late 2006 and did not notify Hassel. After relocating to Devils Lake, North Dakota, to set up a solo practice, Tollefson notified Hassel that he had forgotten about the bankruptcy but would complete it at a discounted rate of $1000. Hassel complied with his request to pay an additional $500.

[¶ 4] In *Disciplinary Board v. Tollefson*, 2008 ND 177, 755 N.W.2d 912, filed September 23, 2008, Tollefson was suspended from the practice of law in North Dakota for six months and ordered to comply with the notice requirements in N.D.R. Lawyer Discipl. 6.3. Tollefson failed to provide Hassel notice of his suspension. Hassel requested Tollefson delay filing the petition for bankruptcy. Subsequently, in 2010, Hassel again asked Tollefson to file a bankruptcy petition. Despite repeatedly assuring Hassel the bankruptcy petition would be filed or had been filed, at no time did Tollefson do so. Tollefson promised to fully refund Hassel's $1000, but only refunded $100. Due to Tollefson's failure to file a bankruptcy petition, Hassel's husband's wages were garnished approximately $1,192, which Tollefson has promised to pay to Hassel in order to alleviate the injuries resulting from his failure to file a bankruptcy petition.

[¶ 5] The Petition alleges that Tollefson's conduct in this matter violates N.D.R. Prof. Conduct 1.3, Diligence, which provides "a lawyer shall act with reasonable diligence and promptness in representing a client" in that in that Tollefson failed to act with reasonable diligence in pursuing the filing of a bankruptcy petition on behalf of Hassel and her husband; N.D.R. Prof. Conduct 1.4, Communication, which provides, in pertinent part, that "a lawyer shall make reasonable efforts to keep the client reasonably informed about the status of a matter and promptly comply with the client's reasonable requests for information" in that Tollefson failed to

keep Hassel reasonably informed as to the status of the bankruptcy petition, failed to respond to Hassel's requests for information, falsely stated that Hassel's bankruptcy petition had been filed when it had not, and ultimately abandoned Hassel altogether; N.D.R. Prof Conduct 1.16(e), Declining or Terminating Representation, which provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred" in that Tollefson effectively abandoned Hassel, failed to take steps to protect Hassel's interests, and failed to refund unearned fees; and N.D.R. Lawyer Discipl. 6.3, Notice of Status, which requires a lawyer who has been suspended to cause notice to be given to all clients being represented in pending matters that the lawyer cannot act as a lawyer after the effective date of the suspension, in that Tollefson failed to advise Hassle of his suspension and inability to act as her lawyer after the effective date of his suspension.

### File No. 5188–NE–1106

[¶ 6] On February 22, 2011, Tee Todd Young retained Tollefson to incorporate a business and paid him $1200. Tollefson failed to file the necessary paperwork and filing fees with the North Dakota Secretary of State to incorporate the business; made a number of intentional false statements to Young regarding the status of the matter; failed to return Young's telephone calls; and failed to return Young's file to him as requested. Despite Tollefson's repeated promises that he would return Young's $1200, and despite telling the inquiry committee investigator that he did so, he failed to do so.

[¶ 7] The Petition alleges that Tollefson's conduct in this matter violates N.D.R. Prof. Conduct 1.3, Diligence, which provides "a lawyer shall act with reasonable diligence and promptness in representing a client" in that in that Tollefson failed to act with reasonable diligence in pursuing incorporation of the business; N.D.R. Prof. Conduct 1.4, Communication, which provides that, in pertinent part, "a lawyer shall make reasonable efforts to keep the client reasonably informed about the status of a matter and promptly comply with the client's reasonable requests for information" in that Tollefson failed to keep Young reasonably informed as to the status of the business incorporation, failed to respond to Young's requests for information, made false statements concerning the filing of documents with the North Dakota Secretary of State, and otherwise failed to communicate with Young; N.D.R. Prof. Conduct 1.16(e), Declining or Terminating Representation, which provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred" in that upon termination of representation, Tollefson failed to return Young's file to him and failed to refund unearned fees; and N.D.R. Lawyer Discipl. 1.2A(3), Grounds for Discipline, and N.D.R. Prof. Conduct 8.4(c), Misconduct, regarding engaging in conduct involving dishonesty, fraud, deceit or misrepresentation that reflects adversely on the lawyer's fitness as a lawyer by repeatedly lying about both the status of the paperwork for incorporating Young's business and the refund of unearned fees.

*File No. 5126–NE–1108*

[¶ 8]   Tollefson's license to practice law in North Dakota was suspended on August 8, 2011, due to nonpayment of child support and reinstated August 25, 2011. On August 18, 2011, Tollefson met with opposing counsel and otherwise held himself out as a licensed attorney.   On October 5, 2011, Tollefson's license was again suspended due to nonpayment of child support, and reinstated December 15, 2012. On November 2, 2011, Tollefson appeared before the Honorable Lee A. Christofferson, District Judge, for a status conference in two criminal cases, and on November 15, 2011, appeared before the Honorable Donovan Foughty, District Judge, as attorney for the plaintiff in a stipulated divorce action.

[¶ 9]   The Petition alleges that Tollefson's conduct in this matter violates N.D.R. Prof. Conduct 5.5(a), Unauthorized Practice of Law, which provides "a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction."

[¶ 10]   The Hearing Panel accepted the Stipulation, Consent to Discipline, and Recommendation.   In recommending a sanction, the Hearing Panel considered N.D. Stds. Imposing Lawyer Sanctions 9.22(a) recognizing prior disciplinary offense, *Disciplinary Board v. Tollefson,* 2008 ND 177, 755 N.W.2d 912, as an aggravating factor and N.D. Stds. Imposing Lawyer Sanctions 9.32(c) recognizing Tollefson's personal or emotional problems, and his participation in the Lawyer Assistance Program, as mitigating factors under N.D. Stds. Imposing Lawyer Sanctions 9.32(c).

[¶ 11]   The Hearing Panel accepted the Stipulation and Consent to Discipline.   It adopted the stipulated facts and its findings and conclusions in File No. 5159–NE–1106 and File No. 5188–NE–1106.   With respect to File No. 5216–NE–1108, it adopted the Findings of Facts but not the Conclusions of Law because it concluded a significant question existed whether the executive branch of the North Dakota has the legal and constitutional authority to suspend an attorney's license for failure to pay child support.   The hearing panel recommended the following sanctions:

1.   Tollefson be suspended for six months and one day;

2.   that as a condition of discipline, Tollefson must comply with all terms and conditions specified for his participation in the Lawyer Assistance Program;

3.   Tollefson understands may not apply for reinstatement under N.D.R. Lawyer Discipl. 4.5 until 60 days before the expiration of the suspension;

4.   Tollefson agrees that he will provide an accounting of fees and expenses to Danielle Hassel and Tee Todd Young and refund any amounts collected for fees that have not been earned or expenses that have not been incurred; and

5.   that Tollefson pay the costs of the disciplinary proceeding in the amount of $250.00 for his misconduct.

[¶ 12]   ORDERED, that the Stipulation, Consent to Discipline, and Recommendation of the Hearing Panel is accepted as to the following sanctions:

1.   Rudolph A. Tollefson is SUSPENDED from the practice of law in North Dakota for six months and one day for his misconduct, effective May 15, 2012;

2.   Tollefson must comply with all terms and conditions specified for his participation in the Lawyer Assistance Program;

3. Tollefson may not apply for reinstatement under N.D.R. Lawyer Discipl. 4.5 until 60 days before the expiration of the suspension;

4. Tollefson must provide an accounting of fees and expenses to Danielle Hassel and Tee Todd Young and refund any amounts collected for fees that have not been earned or expenses that have not been incurred; and

5. Tollefson must pay the costs and expenses of these disciplinary proceedings in the amount of $250.00, payable to the Secretary of the Disciplinary Board, Judicial Wing, 15th Floor, 600 East Boulevard Avenue, Dept. 180, Bismarck, ND 58505–0530.

[¶ 13] IT IS FURTHER ORDERED, that Tollefson must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.

[¶ 15] The Honorable MUEHLEN MARING, J., disqualified.