2014 ND 1

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Rudolph A. TOLLEFSON, a Person Admitted to the Bar of the State of North Dakota.

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

**v.**

**Rudolph A. Tollefson, Respondent.**

Nos. 20130343, 20130344, 20130345.

Supreme Court of North Dakota.

Jan. 9, 2014.

DISBARMENT ORDERED

PER CURIAM.

[¶ 1]   The Court has before it a Revised Stipulation, Consent to Discipline and Recommendations by the Hearing Panel, recommending Rudolph A. Tollefson be disbarred from the practice of law in North Dakota.   The Hearing Panel concluded

Tollefson violated N.D.R. Prof. Conduct 1.3, 1.4, 1.16(e), 5.5(a); and N.D.R. Lawyer Discipl. 1.2(A)(3) in three consolidated matters. We disbar Tollefson and order him to pay the costs and expenses of these disciplinary proceedings. We order Tollefson to refund unearned fees to five clients, and to provide an accounting of fees and expenses to two clients and refund any amounts collected for fees that have not been earned or expenses that have not been incurred.

[¶ 2] Tollefson was admitted to practice law in North Dakota on September 27, 2004. On September 23, 2008, Tollefson was suspended from the practice of law for six months, effective October 23, 2008. *Disciplinary Board v. Tollefson*, 2008 ND 177, 755 N.W.2d 912. We reinstated Tollefson on June 3, 2009, and he resumed practicing law. On August 8, 2011, Tollefson was suspended from the practice of law for non-payment of child support under N.D.C.C. § 50–09–08.6, and he was reinstated on June 16, 2011. He was suspended under N.D.C.C. § 50–09–08.6 on August 9, 2011, and reinstated on August 26, 2011. He was suspended under N.D.C.C. § 50–09–08.6 on October 5, 2011, and reinstated on December 15, 2011. Tollefson did not renew his license for 2012, and was not licensed between January 1, 2012, and May 15, 2012. On May 14, 2012, Tollefson was suspended for six months and one day, effective May 15, 2012. *Disciplinary Board v. Tollefson*, 2012 ND 92, 816 N.W.2d 766. He also agreed to participate in the Lawyer's Assistance Program. *Id.* Tollefson has not been licensed to practice law in North Dakota since January 1, 2012.

[¶ 3] This matter originally came before the Court through a Stipulation, Consent to Discipline and Recommendations by the Hearing Panel filed on January 28, 2013. The hearing panel recommended Tollefson's suspension in *Tollefson*, 2012 ND 92, 816 N.W.2d 766, be extended for two-years; and that Tollefson participate in the Lawyer Assistance Program; refund unearned fees to various individuals; provide an accounting of fees and expenses and refund any unearned fees or expenses to two additional individuals; and pay the costs of disciplinary costs and expenses for violations of the North Dakota Rules of Professional Conduct.

[¶ 4] We rejected the stipulation, consent to discipline, and recommendations by the hearing panel, and remanded the matter to the hearing panel for further proceedings. We now consider the Revised Stipulation, Consent to Discipline, and Recommendations by the Hearing Panel filed after remand.

[¶ 5] This matter involves three formal disciplinary proceedings against Tollefson, File Nos. 5284–NE–1201, 5293–NE–1202, and 5298–NE–1202. Tollefson admitted to the following facts with regard to these three matters. The misconduct in these matters occurred prior to Tollefson's suspension effective May 15, 2012, in *Tollefson*, 2012 ND 92, 816 N.W.2d 766. During that time, Tollefson was experiencing personal or emotional problems, as well as alcohol abuse.

### File No. 5284–NE–1201

[¶ 6] In October of 2011, Carla E. Bjornson retained Tollefson to represent her in a parental responsibility dispute between Bjornson's brother, Gary Johnson and Courtney Zettler, the mother of Johnson's minor child. In October of 2011, Tollefson drafted a stipulation and parenting plan for the signatures of Johnson and Zettler. On October 20, 2011, Bjornson made a $500 payment to Tollefson. On that date, Tollefson gave Bjornson the stipulation and parenting plan with the understanding Bjornson would secure the signatures of Johnson and Zettler, which

she did. Bjornson provided the signed stipulation and parenting plan to Tollefson on November 1, 2011. Tollefson told Bjornson he would file the stipulation with the court that day. Between November 1, 2011, and November 16, 2011, Tollefson repeatedly and falsely told Bjornson that he filed the stipulation and parenting plan. On November 16, 2011, Bjornson contacted the Clerk of District Court for Ramsey County. The Clerk informed Bjornson that Tollefson did not file stipulation and parenting plan and that Tollefson's license was suspended. Tollefson failed to inform Bjornson of the periods in which his license to practice law was suspended. Tollefson held himself out as Bjornson's lawyer, took actions as her lawyer, or both during periods in which his license was suspended. Although Tollefson promised Bjornson a full refund of the $500 she paid, he failed to account for or refund any unearned funds.

### File Nos. 5293–NE–1202

[¶ 7] In May of 2011, Peter Owlboy, Jr., retained Tollefson to represent him regarding parental responsibility issues. Owlboy paid Tollefson $1,350.00, the last $100.00 of which was paid in December of 2011. Tollefson failed to complete the work for Owlboy and failed to inform Owlboy of the periods in which his license to practice law was suspended. Tollefson held himself out as Owlboy's lawyer, took actions as his lawyer, or both during periods in which his license was suspended. In December of 2011, Owlboy learned Tollefson's license to practice law was under suspension. Although Tollefson promised Owlboy a full refund of the $1,350 he paid, Tollefson failed to account for or refund any unearned funds.

### File No. 5298–NE–1202

[¶ 8] This matter involves five clients of Tollefson: Donald Senger, Jody A. Sow-atzki, Ronald Senger, Terry Anvik, and Jacklynn Davis.

[¶ 9] In August of 2009, Donald Senger retained Tollefson to file a bankruptcy petition for him. At Tollefson's suggestion, Senger delayed filing for bankruptcy for one year, pending the outcome of a United States Supreme Court case involving the dischargeability of student loan debt in chapter 13 bankruptcy. Subsequently, Tollefson repeatedly assured Senger the bankruptcy petition would be or had been filed. When Senger checked with the clerk of bankruptcy court, he was told that, contrary to Tollefson's statements, nothing had been filed. When Senger attempted to file forms drafted by Tollefson, he was advised by the clerk of bankruptcy court that the papers were not in proper form and did not include a notice to creditors. Tollefson failed to inform Senger of the periods in which his license to practice law was suspended. Tollefson held himself out as Senger's lawyer, took actions as his lawyer, or both during periods in which his license was suspended. Although Tollefson promised Senger a full refund of the $500 he paid, Tollefson has only refunded $300.

[¶ 10] In June of 2010, Sowatzki paid Tollefson $350 to represent her in her divorce action. Tollefson drafted an answer to the complaint, but he failed to file it. Tollefson falsely informed Jody Sowatzki that he filed her answer. As a result, Jody Sowatzki was forced to expend resources for new counsel to defend a motion for default judgment. Tollefson failed to account for the $350.00 Sowatzki paid.

[¶ 11] Between January 4, 2010, and July 6, 2010, Ronald Senger paid Tollefson $680 to file a bankruptcy petition. Despite false assurances by Tollefson that the work was being done, Tollefson failed file the petition. Tollefson failed to inform Senger of the periods in which his license

to practice law was suspended. Tollefson failed to refund unearned fees to Senger in the amount of $680.

[¶ 12] On January 28, 2011, Anvik retained Tollefson to represent him regarding a parental responsibility matter. On that date, Anvik made a $1,000.00 payment to Tollefson. Tollefson failed to communicate with Anvik and failed to complete the work. Tollefson failed to inform Anvik of the periods in which his license to practice law was suspended. Tollefson failed to refund unearned fees to Anvik in the amount of $1,000.

[¶ 13] In the fall of 2009, Davis retained Tollefson to represent her regarding a parental responsibility matter. Davis made an initial payment to Tollefson of $350 and additional $100 payments. Tollefson drafted affidavits for Davis but failed to file them. Despite false assurances by Tollefson that work was being done, Tollefson failed to complete the work. Tollefson failed to account for the amounts Davis paid.

[¶ 14] Tollefson admitted his conduct violated N.D.R. Prof. Conduct 1.3, Diligence, providing that a lawyer shall act with reasonable diligence and promptness in representing a client, in that Tollefson failed to act with reasonable diligence representing Bjornson, Owlboy, Donald Senger, Sowatzki, Ronald Senger, Anvik and Davis; N.D.R. Prof. Conduct 1.4, Communication, providing that a lawyer shall make reasonable efforts to keep the client reasonably informed about the status of a matter and promptly comply with the client's reasonable requests for information, in that Tollefson failed to keep the above clients reasonably informed as to the status of the matters for which he was retained, failed to respond to the clients' requests for information, made false statements to clients Bjornson, Donald Senger, Ronald Senger, Sowatzki and Davis concerning the filing of legal documents, and otherwise failed to communicate with the clients; N.D.R. Prof. Conduct 1.16(e), Declining or Terminating Representation, providing that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred, in that Tollefson effectively abandoned the clients and thereafter failed to refund unearned fees, as outlined above; N.D.R. Lawyer Discipl. 1.2(A)(3), Grounds for Discipline, and N.D.R. Prof. Conduct 8.4(c), Misconduct, regarding engaging in conduct involving dishonesty, fraud, deceit or misrepresentation that reflects adversely on the lawyer's fitness as a lawyer, in that Tollefson repeatedly lied to clients Bjornson, Donald Senger, Ronald Senger, Sowatzki and Davis about filing legal documents; and N.D.R. Prof. Conduct 5.5(a), Unauthorized Practice of law, providing that a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

[¶ 15] Tollefson admitted that his prior disciplinary offenses are an aggravating factor under N.D. Stds. Imposing Lawyer Sanctions 9.22(a). *Disciplinary Board v. Tollefson*, 2008 ND 177, 755 N.W.2d 912 and *Disciplinary Board v. Tollefson*, 2012 ND 92, 816 N.W.2d 766. His personal or emotional problems, and his participation in the Lawyer Assistance Program, are mitigating factors under N.D. Stds. Imposing Lawyer Sanctions 9.32(c).

[¶ 16] Tollefson agreed that disbarment is the appropriate sanction under N.D. Stds. Imposing Lawyer Sanctions

4.41; 5.11(b), and 8.1. He agreed to refund unearned fees as follows:

1. 500 to Carla E. Bjornson;
2. $1,350 to Peter Owlboy, Jr.;
3. 200 to Donald Senger;
4. 680 to Ronald Senger; and
5. 1,000 to Terry Anvik.

Tollefson agreed to provide an accounting of fees and expenses to Jody Sowatzki and Jacklynn Davis and refund any amounts collected for fees that have not been earned or expenses that have not been incurred. Finally, Tollefson agreed to pay the costs and expenses of these disciplinary proceedings in the amount of $250.

[¶ 17] The hearing panel adopted the Stipulation and Consent to Discipline, and adopted the stipulated facts and conclusions. The Revised Stipulation, Consent to Discipline, and Recommendations by the Hearing Panel were served on October 30, 2013, and forwarded to this Court. Objections to the Consolidated Stipulation were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 18] The Court considered the matter, and,

[¶ 19] **ORDERED,** that the revised stipulation, consent to discipline, and recommendations by the hearing panel are accepted.

[¶ 20] **IT IS FURTHER ORDERED,** that Rudolph A. Tollefson is **DISBARRED** from the practice of law in North Dakota effective immediately.

[¶ 21] **IT IS FURTHER ORDERED,** that Tollefson refund unearned fees as follows:

1. 500 to Carla E. Bjornson;
2. $1,350 to Peter Owlboy, Jr.;
3. 200 to Donald Senger;
4. $680 to Ronald Senger; and
5. 1,000 to Terry Anvik.

[¶ 22] **IT IS FURTHER ORDERED,** that Tollefson provide an accounting of fees and expenses to Jody Sowatzki and Jacklynn Davis and refund any amounts collected for fees that have not been earned or expenses that have not been incurred.

[¶ 23] **IT IS FURTHER ORDERED,** that Tollefson pay the costs and expenses of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Bismarck, North Dakota, 58505–0530, within 60 days of entry of judgment.

[¶ 24] **IT IS FURTHER ORDERED,** that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5.

[¶ 25] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.

[¶ 26] The Honorable LISA FAIR McEVERS, J., did not participate in this decision.